O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESG CAPITAL PARTNERS, LP, and LIMITED PARTNERS,<br><br>           Plaintiffs,<br>      v.<br>TROY STRATOS aka "Ken Dennis," VENABLE LLP, DAVID MEYER, and DOES 1–10, inclusive,<br><br>           Defendants. | 2:13-cv-01639 ODW(SHx)<br><br>**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT [91]** |

## I.   INTRODUCTION

On August 15, 2013, the Court dismissed with prejudice federal and state claims against Defendants Venable LLP and David Meyer brought by Plaintiffs ESG Capital Partners, LP and its limited partners.  The Court found that Plaintiffs' claim under Securities Exchange Act § 10(b) and Rule 10b-5 failed due to a lack of misrepresentations made by Venable or Meyer or any reliance by Plaintiffs.  The Court also found that the strict one-year statute of limitations in California Code of Civil Procedure section 340.6 barred Plaintiffs' state-law claims.  The Court subsequently entered partial judgment in favor of Venable and Meyer.

On October 11, 2013, Plaintiffs filed this Motion to Amend or Alter Judgment.  Since the Court finds that Plaintiffs' First Amended Complaint still fails to state a valid claim against Venable or Meyer, the Court **DENIES** Plaintiffs' Motion.[1]

---

[1] The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

In the interest of judicial economy, the Court incorporates the factual background set forth in its August 15, 2013 Order Granting Motion to Dismiss. (ECF No. 56.) In that Order, the Court dismissed all of Plaintiffs' claims against Venable and Meyer with prejudice. The Court subsequently issued a partial judgment in favor of those Defendants on September 13, 2013. (ECF No. 78.)

On October 11, 2013, Plaintiffs moved to alter or amend the September 13, 2013 Judgment. (ECF No. 91.) Venable and Meyer joined in a timely opposition to that Motion. (ECF Nos. 96, 97.) The Motion is now before the Court for decision.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment. One avenue for altering or amending a judgment is via a motion for reconsideration under a district court's local rules. *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019 (9th Cir. 1983).

A motion to alter or amend a judgment is an "extraordinary remedy" which should be used sparingly. *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013). The Central District Local Rules elucidate the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> [L.R. 7-18.]

Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

## IV.  DISCUSSION

Plaintiffs move to alter or amend the Court's Judgment with respect to Plaintiffs' claims for conversion, aiding and abetting, conspiracy, unjust enrichment, breach of fiduciary duty, and California's Unfair Competition Law. Plaintiffs do not seek reconsideration of the Court's findings regarding Plaintiffs' Securities and Exchange Act and common-law fraud claims. ESG and its limited partners contend that the Court "must" reinstate its causes of action because this Court did not address Plaintiffs' claims or the material allegations underlying those claims.

### A.  Jurisdiction to consider the Motion

On September 26, 2013, Plaintiffs appealed the Court's dismissal Order to the Ninth Circuit Court of Appeals. (ECF No. 87.) Interpreting Federal Rule of Appellate Procedure 4(a)(4), the United States Supreme Court held that a timely Rule 59 motion nullifies a pre-motion notice of appeal so that only the district court has jurisdiction over the case, not the Court of Appeals. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 60–61 (1982). The Court therefore finds that it has jurisdiction to consider this Motion notwithstanding the Notice of Appeal.

### B.  Conversion

Plaintiffs ask the Court to reconsider its finding in its August 15, 2013 dismissal Order with respect to Plaintiffs' conversion claim against Venable and Meyer. In their First Amended Complaint, Plaintiffs alleged that "Venable's and Meyer's conversion of Plaintiffs' funds occurred in the context of Venable and Meyer acting as escrow agent with respect to" the funds ESG believed it was wiring to Soumaya Securities.

In dismissing the conversion claim, the Court found that ESG had not established as a matter of law that Venable or Meyer were acting as escrow agents, because "noticeably absent in this case is any condition that Soumaya needed to satisfy before Venable would release ESG's funds." (ECF No. 56, at 13.) The Court made clear that it thoughtfully considered ESG's allegations but found them insufficient as a matter of California law to demonstrate an escrow relationship.

1    Plaintiffs have not indicated in their Motion that any valid basis for reconsideration applies to their conversion claim. *See* L.R. 7-18. In fact, ESG does not present any arguments with respect to this claim. The Court consequently **DENIES** Plaintiffs' Motion for Reconsideration on this ground.

### C. Agent's-immunity rule: conspiracy and aiding and abetting

Plaintiffs devote the majority of their Motion to arguing that "the Court did not address Plaintiffs' claims for aiding and abetting fraud or conspiracy to commit fraud . . . or the material allegations underlying these claims." (Mot. 3.) ESG contends that unlike their fraud claims, aiding and abetting and conspiracy do not require any misrepresentations or reliance—elements which were fatal to Plaintiffs' federal and state fraud claims. Plaintiffs further assert that they adequately pleaded "substantial assistance" to Stratos by Venable and Meyer sufficient to prove their aiding-and-abetting claims. ESG also sets forth several allegations that Plaintiffs believe the Court did not consider in dismissing their aiding-and-abetting and conspiracy claims.

In response, Defendants prepared a chart that links each of these allegedly overlooked allegations with the part of the Court's order where it acknowledged these contentions. Defendants' chart cogently demonstrates that the Court considered each and every one of Plaintiffs' allegations—despite ESG's arguments to the contrary.

Defendants further contend that the Court had several other bases upon which it could have dismissed these two claims, including the agent's-immunity rule. This rule provides that when "an attorney is acting in his official capacity, he is immune from conspiracy liability under agency theory. A conspiracy cause of action cannot lie unless the attorney (1) acts for his individual advantage; or (2) violates a duty *to the plaintiff.*" *Raceway Props., LLC v. LSOF Carlsbad Land L.P.*, 157 F. App'x 959, 964 (9th Cir. 2005) (internal citation omitted). The California Legislature codified this doctrine at California Civil Code section 1714.10(c). And while section 340.6 only speaks of conspiracies, the California Court of Appeal has applied the section to

/ / /

aiding-and-abetting claims against attorneys as well. *Howard v. Super. Ct.*, 2 Cal. App. 4th 745, 749 (Ct. App. 1992).

Section 1714.10(c), commensurate with preexisting California case law, carves out two exceptions to this rule. The agent's-immunity rule does not apply "where (1) the attorney has an independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain." Cal. Civ. Code § 1714.10(c); *see also Berg & Berg Enters., LLC v. Sherwood Partners*, Inc., 131 Cal. App. 4th 802, 817–18 (Ct. App. 2005).

Plaintiffs have not identified any "independent legal duty" that Meyer and Venable owed to them. Since the Court has repeatedly found that Meyer and Venable were not acting as escrow agents with respect to ESG's funds, no fiduciary duty flowed from that arrangement.

Neither have Plaintiffs properly alleged that Venable and Meyer acted for their own personal financial gain. The California Court of Appeal has interpreted this "financial gain" language to mean a "gain that is over and above ordinary professional fees earned as compensation for performance of the agency." *Berg & Berg Enters.*, 131 Cal. App. 4th at 834. Plaintiffs alleged in their First Amended Complaint that Venable and Meyer misappropriated ESG's funds for Defendant's "own purposes" or "to themselves." (FAC ¶¶ 240–41.)

But Plaintiffs' allegations fall squarely within the purview of financial gains that do not invoke the agent's-immunity rule exception. An attorney does not act for his own "financial gain" for section 1714.10 purposes when he receives only ordinary compensation. *Berg & Berg Enters.*, 131 Cal. App. 4th at 834; *Skarbrevik v. Cohen, England & Whitfield*, 231 Cal. App. 3d 692, 710 (Ct. App. 1991) (finding that an attorney receiving "modest compensation" is not sufficient to establish the financial-gain exception). In their First Amended Complaint, Plaintiffs allege that "Meyer knew when he asked ESG for authority to release the $2.8 million, that the money was

to be transferred to Stratos for his personal use and *would be used to pay Venable fees and expenses*." (FAC ¶ 111 (emphasis added)); *Villains, Inc. v. Am. Econ. Ins. Co.*, 870 F. Supp. 2d 792, 797 (N.D. Cal. 2012) (finding that "the putative financial advantage derived entirely from the agency relationship" did not support the financial-gain exception). This allegation demonstrates that any of ESG's funds that Venable and Meyer appropriated to themselves was for Stratos's legal representation—regardless of the bona fides of those services. As a matter of law, those fees do not invoke section 1714.10's financial-gain exception.

## D.     Statute of limitations

In its August 15, 2013 dismissal Order, the Court found that Plaintiffs' state-law claims were untimely under California Code of Civil Procedure section 340.6(a). That section provides that an "action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission . . . ." Cal. Civ. Proc. Code § 340.6(a).

Both times the Court considered Plaintiffs' allegations, the Court found that "'ESG undoubtedly possessed knowledge sufficient to put them on inquiry as to Venable and Meyer's potential involvement in the scheme' in December 2011, and the one-year statute of limitations therefore expired in December 2012—some three months before Plaintiffs filed suit." (ECF No. 56, at 14.)

Plaintiffs assert that "Plaintiffs could not have known of the fraud until November 2012," because "Burns deliberately prevented Plaintiffs from learning that their money had been stolen" until November 2012. (Mot. 8–9 (emphasis omitted).)

But Plaintiffs' argument ignores California statute-of-limitations law. First, despite ESG's assertion to the contrary, it is proper to dismiss a case on statute-of-limitation grounds at the motion-to-dismiss stage. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Second, the

California Civil Code provides that as "against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." Cal. Civ. Code § 2332. California courts have applied this section to the issue of running of the statute of limitations: "where . . . an agent is put on notice by knowledge of facts sufficient to put a reasonable man on inquiry, the notice will be imputed to the agent's principal and is binding on the principal." *Clark Equip. Co. v. Wheat*, 92 Cal. App. 3d 503, 527 (Ct. App. 1979).

Plaintiffs repeatedly admit in their First Amended Complaint that Burns acted as ESG's agent in the purported Facebook transaction. (*See, e.g.*, FAC ¶¶ 80, 81.) ESG alleges in its First Amended Complaint that Burns "threatened [Defendants] with legal action if Facebook shares were not procured or if ESG's funds were not returned." (FAC ¶ 173; *see also* Ex. M ("This is your final notice to contact me [Burns] tonight before we file a lawsuit and contact the authorities.").) Plaintiffs are thus bound by the knowledge Burns as their agent possessed.

Neither have Plaintiffs alleged that Burns colluded with a third party against ESG or that some third party knew that Burns would not relay knowledge of the fraud to ESG. *See Sands v. Eagle Oil & Ref. Co.*, 83 Cal. App. 2d 312, 319 (Ct. App. 1948) (noting these exceptions to the imputed-knowledge rule). Indeed, Burns's demands demonstrate that he was acting in ESG's interests.

Further, section 340.6 expressly precludes any statute-of-limitations tolling except on four limited grounds. *See Laird v. Blacker*, 2 Cal. 4th 606, 618 (1992) ("Thus, the Legislature expressly intended to disallow tolling under any circumstances not enumerated in the statute."). The tolling provisions focus primarily on the attorney's conduct—not the plaintiff's own actions. So even if Burns's alleged concealment could factor into the tolling analysis as ESG urges, the concern is not what he or ESG did. Plaintiffs' repeated arguments regarding Burns's conduct are

/ / /

therefore statutorily irrelevant in determining whether the statute of limitations ran on ESG's state-law claims.

Even Plaintiffs' Unfair Competition Law claim is barred by section 340.6's strict one-year statute of limitation. While "actual fraud" falls outside section 340.6's scope, the Unfair Competition Law is different than common-law fraud. *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1092 (S.D. Cal. 2010).

To the extent that the UCL's four-year statute of limitations conflicts with Code of Civil Procedure 340.6's one-year statute of limitations, the latter statute would apply. The California Court of Appeal has held that where there are competing statutes of limitations, the more specific statute prevails over the more general one. *Strother v. Cal. Coastal Comm'n*, 173 Cal. App. 4th 873, 879 (Ct. App. 2009). Code of Civil Procedure section 340.6 specifically applies to an "action against an attorney," whereas the UCL's limitations section applies generally to "[a]ny action to enforce any cause of action pursuant to this chapter." Cal. Bus. & Prof. Code § 17208. The one-year limitations period therefore prevails and bars Plaintiffs' UCL claim.

## V. CONCLUSION

Finding no valid basis for reconsidering its August 15, 2013 dismissal Order, the Court **DENIES** Plaintiffs' Motion to Amend or Alter Judgment. (ECF No. 91.)

**IT IS SO ORDERED.**

November 12, 2013

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE