Eugene Ashley, Esq. (Bar No. 171885)
Eashley@hopkinscarley.com
Mary Elizabeth Cirone, Esq. (Bar No. 257951)
Mcirone@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
3500 West Olive Avenue, Suite 300
Burbank, CA 90505
Tel: (818) 827-7136
Fax: (818) 973-2707

Jack I. Siegal (State Bar No. 218088)
jsiegal@nbparis.com
William C. Nystrom (*admitted pro hac vice*)
wnystrom@nbparis.com
Michael Paris (*admitted pro hac vice*)
mparis@nbparis.com
NYSTROM BECKMAN & PARIS LLP
One Marina Park Drive, 15th Floor
Boston, Massachusetts 02210
Tel.:   (617) 778-9100
Fax:   (617) 778-9110

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

ESG CAPITAL PARTNERS, LP, a
Delaware Limited Partnership and
LIMITED PARTNERS,

            Plaintiffs,

    v.

TROY STRATOS a/k/a "Ken
Dennis," VENABLE LLP; and
DAVID MEYER, and DOES 1-10,
inclusive,

            Defendants.

Case No. CV 13-01639 ODW (SHx)

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2.1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

DATE:    May 19, 2014
TIME:    1:30 p.m.
PLACE:   Courtroom 11

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 19, 2014 at 1:30 p.m. in Courtroom 11 of the above-titled Court, located at 312 North Spring Street, Los Angeles, California 90012, before the Honorable Otis D. Wright II, Plaintiffs ESG Capital Partners, LP and Limited Partners (collectively, "ESG" or "Plaintiffs"), by and through their attorneys of record, hereby move pursuant to Fed. Rule Civ. P. 72(a) and Local Rule 72-2.1 for review of Magistrate Judge Hillman's April 2, 2014 Order granting nonparties Venable LLP's and David Meyer's motions for protective order and to quash subpoenas.  ECF No. 129 (the "Order").

Plaintiffs bring this motion on the ground that the Order rested upon erroneous factual findings and legal conclusions.  See FRCP 72(a).  Specifically, the Order failed to recognize Plaintiffs' entitlement to discovery from percipient witnesses, their repeated offers to narrow their subpoenas, *and* their well-documented efforts to obtain judgment in this case against defendant Troy Stratos.  The Order also misconstrued the law concerning the crime-fraud exception, which applies here because Stratos used his attorneys to further his fraudulent scheme.  At a minimum, therefore, Plaintiffs' discovery requests from Venable and Meyer were substantially justified.  Finally, the Order awarded sanctions against Plaintiffs without providing them an opportunity to be heard.  Accordingly, this Court should reverse the Order's award of sanctions and require Venable and Meyer to produce the requested documents and appear for depositions.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jack I. Siegal, the pleadings and papers on file in this action, and such oral argument as may be presented at a hearing on this motion.

This Motion is made following a conference of counsel conducted on April 11, 2014, pursuant to Local Rule 7-3.

i

NYSTROM BECKMAN & PARIS LLP

DATED:  April 16, 2013          By: s/ Jack I. Siegal
                                Jack I. Siegal, Esq.
                                Counsel for Plaintiffs

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ iv

INTRODUCTION ........................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................. 2

ARGUMENT ............................................................................................................... 3

    I.     Standard Of Review ..................................................................... 3

    II.    Plaintiffs Are Entitled To Discovery From Venable And Meyer ................. 4

    III.   It Was Clear Error To Find The Subpoenas "Grossly Overbroad" And That Plaintiffs Refused To Narrow Them ............................................... 5

        A. The Subpoenas Seek Relevant Evidence ................................................ 5

        B. Plaintiffs Offered to Narrow the Subpoenas Three Times ........................ 9

    IV.   It Was Clear Error To Find That Plaintiffs' "Real Purpose" Was To Use Discovery Against Venable and Meyer .................................................. 10

    V.    The Crime-Fraud Exception Applies And Stratos Waived His Privilege ... 11

        A. The Crime-Fraud Exception Applies Because Stratos Hired his Attorneys to Defraud Plaintiffs ................................................................ 11

        B. Stratos' Voluntary Disclosures Waived the Privilege ............................. 12

    VI.   Sanctions Are Inappropriate Here .............................................................. 13

CONCLUSION .......................................................................................................... 14

# TABLE OF AUTHORITIES

CASES

Crispin v. Christian Audigier, Inc.,
   717 F. Supp. 2d 965 (C.D. Cal. 2010) .................................................. 4

Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,
   657 F.2d 890 (7th Cir.1981) ............................................................ 13

In re Grand Jury Proceedings,
   87 F.3d 377 (9th Cir. 1996) ............................................................ 12

In re Syncor Erisa Litig.,
   229 F.R.D. 636 (C.D. Cal 2005) ...................................................... 13

In re USA Commercial Mortgage Co.,
   462 F. App'x 677 (9th Cir. 2011) .................................................... 14

Loustalet v. Refco, Inc.,
   154 F.R.D. 243 (C.D. Cal. 1993) ..................................................... 12

Miller v. Pancucci,
   141 F.R.D. 292 (C.D. Cal. 1992) ........................................... 5, 6, 8, 9

Oakes v. Halvorsen Marine Ltd.,
   179 F.R.D. 281 (C.D. Cal. 1998) ....................................................... 9

Pennington v. G.H. Herrmann Funeral Home, Inc.,
   09-cv-00390, 2010 WL 148242 (S.D. Ind. Jan. 8, 2010) ................... 9

Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.,
   254 F.R.D. 568 (N.D. Cal. 2008) ..................................................... 13

Rispoli v. King Cnty.,
   297 F. App'x 713 (9th Cir. 2008) .................................................... 13

Santiago v. CACH LLC,
   13-cv-02234, 2013 WL 5945805 (N.D. Cal. Nov. 4, 2013) ............. 11

SG Cowen Sec. Corp. v. U.S. Dist. Court for N.D. Cal.,
   189 F.3d 909 (9th Cir. 1999) ........................................................... 10

Soto v. City of Concord,
   162 F.R.D. 603 (N.D. Cal. 1995) ....................................................... 5

U.S. v. Hodge & Zweig,
   548 F.2d 1347 (9th Cir. 1977) ........................................................ 1, 2

U.S. v. Zolin,
   491 U.S. 554 (1989) ........................................................................ 12

Wolpin v. Philip Morris Inc.,
   189 F.R.D. 418 (C.D. Cal. 1999) ..................................................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATUTES

28 U.S.C. § 636(b)(1)(A) ............................................................................................. 3

RULES

Fed. R. Civ. P. 37(a)(5)(A) ........................................................................................ 14

Fed. R. Civ. P. 72(a) ............................................................................................. 1, 3

Fed. R. Civ. P. 37 ..................................................................................................... 14

PLAINTIFFS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72-2.1, Plaintiffs seek review of Magistrate Judge Hillman's April 2 Order ("Order") – issued without a hearing – quashing subpoenas ("Subpoenas") served upon nonparty witnesses Venable LLP ("Venable") and David Meyer ("Meyer"), who had <u>direct</u> communications with Plaintiffs regarding the fraudulent Facebook transaction at issue, and who have <u>already produced</u> thousands of pages of documents concerning their former client, Troy Stratos ("Stratos"), to the U.S. Attorney's Office.[1]

Despite the fact that Venable and Meyer are eyewitnesses to Plaintiffs' claims against Stratos, the Order barred Plaintiffs from taking their depositions or collecting <u>any</u> documents. As detailed herein, the ruling was erroneous. First, the Subpoenas are not overbroad because they seek information relevant to Plaintiffs' fraud and conversion claims against Stratos and are confined within a ten-month period in 2011. <u>See</u> ECF No. 45.[2] And, even though these requests were reasonable, Plaintiffs <u>repeatedly</u> offered in writing to narrow the Subpoenas. The Order, however, ignored these facts and struck down both the document requests and the depositions *in their entirety*.

The Order's subsidiary legal findings are also erroneous. It is beyond dispute that the crime-fraud exception applies here, as Plaintiffs' allegations create "a *prima facie* case that [Meyer] was retained in order to promote intended or continuing criminal or fraudulent activity." <u>See</u> <u>U.S. v. Hodge & Zweig</u>, 548 F.2d 1347, 1353 (9th Cir. 1977). Moreover, the Magistrate's decision to sanction

---

[1] Plaintiffs allege that Stratos defrauded them of $11.25 million in connection with a bogus transaction involving pre-IPO Facebook shares. ECF No. 45. Plaintiffs' money was taken and spent by Stratos, who never delivered any shares to Plaintiffs. <u>Id</u>. The United States is criminally prosecuting Stratos for wire fraud and money laundering as a result of his deceptions and theft from Plaintiffs. <u>See</u> <u>U.S. v. Stratos</u>, 2:11-cr-537-LKK (E.D. Cal.).

[2] Indeed, Venable and Meyer told this Court that their representation of Stratos – and thus, the universe of information subject to the Subpoenas – was "limited." <u>See</u> ECF No. 26 at 1 ("Venable and Meyer …did limited legal work for Stratos…").

Plaintiffs -- victims of an $11.25 million fraud who sought discovery from the <u>only</u> witnesses with firsthand knowledge of that fraud -- cannot stand.  This is especially true given that Plaintiffs were denied any opportunity to be heard on this issue.

For these reasons and those stated below, Plaintiffs respectfully request that the Court overrule the Order and reinstate the Subpoenas.  Plaintiffs also request that the Court extend the current discovery deadline of April 28, 2014 by 90 days in order for Plaintiffs to complete discovery and file a summary judgment brief.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2013, Plaintiffs filed suit.  ECF No. 1.  Defendants Meyer and Venable moved to dismiss the complaint.  ECF No. 26.  This Court granted their motion without prejudice.  ECF No. 44.  On July 8, 2013, Plaintiffs filed their first amended complaint ("FAC").  ECF No. 45.

The FAC alleges, *inter alia*, that Stratos devised a scheme in 2011 to defraud Plaintiffs by convincing them that he was an affiliate of Carlos Slim named "Ken Dennis" who could procure millions of pre-IPO Facebook shares through Slim's investment company, Soumaya Securities LLC.  <u>Id</u>.  The FAC further alleges that Stratos retained attorneys Venable and Meyer to give his fraud legitimacy.  <u>Id</u>. Among other things, Stratos instructed Venable and Meyer to make phone calls and send letters to Plaintiffs concerning the bogus Facebook transaction and to hold portions of Plaintiffs' stolen funds in Venable's client trust account.  <u>Id</u>.

Venable and Meyer moved to dismiss the FAC's claims against them, claiming that Stratos used them to convey false information about the Facebook transaction to Plaintiffs.  <u>See</u> ECF No. 50 at 11-12; ECF No. 54 at 6.  On August 15, 2013, this Court dismissed the claims against Venable and Meyer.  ECF No. 56. Shortly, thereafter, on August 26, 2013, Stratos filed his Answer to the FAC and

---

[3] Stratos has moved to stay this case pending resolution of his criminal matter.  ECF No. 131. Plaintiffs will oppose that motion and intend to continue prosecuting their case against Stratos through summary judgment and, if necessary, trial.

1   denied all allegations against him.  ECF No. 69.

2        Following the Court's dismissal of claims against Venable and Meyer,

3   Plaintiffs moved for reconsideration.  ECF No. 91.  The Court denied Plaintiffs'

4   motion on November 12, 2013.  ECF No. 101.  At that point, the sole defendant in

5   the case (Stratos) had answered the FAC, which lifted the PSLRA's discovery stay.

6   Accordingly, Plaintiffs sought discovery to prove their allegations that Stratos

7   defrauded them.  Siegal Decl. ¶ 6.  In January 2014, Plaintiffs served Stratos with

8   requests for admissions.  Id. ¶ 7.[4]  Plaintiffs also commenced third-party discovery,

9   serving subpoenas on Ken Dennis, Bank of America, Venable and Meyer.  Id. ¶ 8.

10       On March 6, 2014, Venable and Meyer moved to quash the Subpoenas.  ECF

11  Nos. 119, 121.  Magistrate Judge Hillman granted their motions on April 2, 2014

12  without a hearing.  ECF Nos. 128-29.

13       The discovery deadline is April 28, 2014 and Plaintiffs must file for

14  summary judgment by May 9, 2014.  ECF No. 94.  Due to the PSLRA discovery

15  stay being in effect until November 2013, Plaintiffs have had less than five months

16  to conduct discovery.  See ECF No. 94.  Without Court intervention, Plaintiffs now

17  now face the possibility that discovery will close without testimony from the

18  witnesses *most knowledgeable* about the case – Meyer and Venable.

19       Accordingly, Plaintiffs hereby bring this motion for review.  On April 11,

20  2014, Plaintiffs' counsel met and conferred with counsel for Venable and Meyer.

21  **ARGUMENT**

22  **I.**   **Standard Of Review**

23       Fed. R. Civ. P. 72(a) provides that the District Court "***shall*** modify or set

24  aside any portion of the magistrate judge's order found to be clearly erroneous or

25  contrary to law…"  (emphasis added); see also 28 U.S.C. § 636(b)(1)(A).  Under

26  Rule 72(a), the Magistrate's factual findings are reviewed under the "clearly

27  _____

28  [4] In February 2014, Plaintiffs requested leave to take Stratos' deposition.  ECF No. 113.  On March 6, Plaintiffs served Stratos with interrogatories and document requests.  Siegal Decl. ¶ 10.

erroneous" standard, while its legal conclusions are subject to *de novo* review. Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010).

## II.    **Plaintiffs Are Entitled To Discovery From Venable And Meyer**

As described in the FAC, Meyer was the Venable partner who communicated with Plaintiffs' agent, Tim Burns ("Burns"), concerning the purported Facebook transaction between his client (who posed as "Ken Dennis") and Plaintiffs.  The FAC details numerous <u>direct</u> communications between Venable and Burns regarding the purported Facebook transaction:

- April 18, 2011 telephone call between Meyer and Burns discussing the identity and credentials of Ken Dennis, his connections to Carlos Slim, and Soumaya's access to Facebook shares for ESG;

- April 19, 2011 telephone call between Meyer and Burns confirming that the Facebook deal was moving forward at $27 per share;

- July 11-12, 2011 emails between Meyer and Burns concerning deal documents, the refundable nature of Plaintiffs' payments to Soumaya and again confirming the deal pricing of $27/share;

- July 11, 2011 letter from Meyer to Burns stating the terms of Plaintiffs' agreement with Soumaya for the purchase of Facebook shares;

- August 12, 2011 email from Venable's Jeremy Horine to Burns providing wire payment instructions for ESG's payment of $1.25 million; and

- December 22-28, 2011 emails between Venable partner Stewart Webb and Burns concerning Stratos' arrest and Venable's role in facilitating the Facebook transaction between its client and Plaintiffs.

<u>See</u> ECF No. 45.

Consistent with the FAC, Stratos' indictment also alleges that Stratos used his attorneys to facilitate the fraud.  Siegal Decl., Ex. A ("On or about July 11, 2011, ***Stratos caused his retained law firm*** to send T.B. a letter with instructions to wire transfer $7,200,000 to a bank account in the name of Soumaya Securities LLC at Bank of America…On or about August 12, 2011, ***Stratos caused his retained***

*law firm* to send T.B. instructions to wire $1,250,000 to a UBS Bank account in the name Soumaya Securities LLC, controlled by Stratos.") (emphasis added).

Finally, while this Court dismissed Plaintiffs' claims against Venable and Meyer, it <u>did</u> recognize that Stratos "used" his attorneys to help perpetrate the fraud.  <u>See</u>, <u>e.g.</u>, ECF No. 56 at 11 (Stratos used Meyer to "unwittingly facilitate[] the scheme.").  Venable and Meyer, therefore, play a critical role in confirming the FAC's material allegations and allowing Plaintiffs to move for summary judgment and, if necessary, prepare for trial.

### III.  <u>It Was Clear Error To Find The Subpoenas "Grossly Overbroad" And That Plaintiffs Refused To Narrow Them</u>

#### A. The Subpoenas Seek Relevant Evidence

Discovery requests are considered "overbroad" where they seek information "which bear[s] no relationship to the claims presented in th[e] case."  <u>Miller v. Pancucci</u>, 141 F.R.D. 292, 297 (C.D. Cal. 1992).   As such, "discovery should be allowed unless the information sought has ***no conceivable bearing on the case***." <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (emphasis added).

In the Joint Stipulation, Plaintiffs articulated <u>how</u> the information sought in the Subpoenas bears directly on their claims against Stratos.  ECF No. 119 at 35 (explaining that every request in the Subpoenas concern "Stratos and/or one of the key features of his fraud (<u>e.g.</u>, Soumaya, Ken Dennis, Facebook deal documents, the banks where Stratos laundered Plaintiffs' money, the client trust accounts where he hid stolen funds).").  Indeed, neither Venable nor Meyer challenged 14 out of 19 document requests Plaintiffs served, nor did they offer any argument why their depositions should not proceed.  <u>See</u> ECF Nos. 119, 121.  As such, the Order erred in finding that the Subpoenas were "grossly overbroad."

Each of the 24 deposition topics and 19 document requests contained in the

Venable Subpoena[5] seeks information to establish one or more elements of Plaintiffs' claims against Stratos:

### 1.    *Troy Stratos – Alleged Perpetrator of Fraud*

Subpoena Topics Nos. 1 and 3 expressly request information pertaining to Venable's representation of Stratos, the defendant in this case.  Siegal Decl., Ex. B at 3-4 (e.g., "your representation of Stratos in connection with his participation in any transactions involving shares of Facebook Inc. stock.")  Likewise, document requests ("RFPs") Nos. 1, 2 and 3 seek records concerning Stratos, including communications with or about Stratos regarding ESG and Facebook.  Id. at 9 (e.g., "All documents concerning Troy Stratos…").

These requests are obviously relevant, as Venable and Meyer themselves contend that Stratos used them to unwittingly communicate false information to Plaintiffs.  See ECF 54 at 6.  Given that Stratos denies defrauding Plaintiffs (ECF No. 69), it is crucial that Plaintiffs obtain information from other sources to corroborate their fraud allegations.  ECF No. 45.  Venable and Meyer's documents and testimony may provide such information.  While *some* of these requests seek information that may appear to be privileged, Plaintiffs explain below that Stratos' voluntary disclosures and the crime-fraud exception moot those concerns.  See infra at 11-13.  The remainder of the information sought (e.g., communications with third-parties concerning Stratos) is not privileged and certainly "bears a relationship to the claims" in the case.  See Miller, 141 F.R.D. at 297.

### 2.    *Soumaya Securities, LLC and Ken Dennis*

Subpoena Topics Nos. 2 and 4 – as well as RFPs Nos. 4, 5 and 8 – request information concerning Soumaya Securities and "Ken Dennis."  Siegal Decl., Ex. B

---

[5] As the Court has found, the Meyer Subpoena is substantively identical to the "Document Request" portion of the Venable Subpoena.  See ECF No. 129.  Accordingly, Plaintiffs' analysis herein refers to the Venable Subpoena but applies equally to both.

at 4, 9-10.  Soumaya and "Dennis" were the artifices Stratos created to mask his true identity and convince Plaintiffs to pay him $11.25 million in a sham securities deal.  <u>See</u> ECF No. 45.  Indeed, Plaintiffs allege that Stratos formed Soumaya and adopted the alias "Ken Dennis" in order to hide his real name from Plaintiffs (due to his notoriety as a conman) and persuade them that he was a securities broker affiliated with Carlos Slim.  <u>Id</u>.  Accordingly, these requests seek information from Venable and Meyer to verify the true backgrounds of Soumaya and "Dennis."  For example, Topic No. 2 seeks Venable's "understanding of Soumaya Securities' affiliation with Carlos Slim."  Siegal Decl., Ex. C at 4.  Venable's response to these inquiries could prove that Stratos made material misstatements to Plaintiffs.

### 3. *The Facebook Transaction*

Subpoena Topics Nos. 5, 6, 7, 8 and 16 – and RFPs Nos. 6 and 13 – seek information concerning Stratos' fraudulent scheme itself: the phony securities deal involving pre-IPO Facebook shares for Plaintiffs.  Siegal Decl., Ex. B at 4, 5, 10.  These requests include, for example, Venable's "knowledge of the transaction Soumaya Securities entered into with ESG involving ESG's purchase of pre-IPO Facebook shares," as well as "[a]ll documents concerning the agreement between ESG and Soumaya Securities."  <u>Id</u>.  These requests are specifically tailored to substantiate Plaintiffs' claims that Stratos entered an agreement with Plaintiffs to deliver Facebook shares in exchange for $11.25 million.  Their testimony is particularly important because Stratos contests Plaintiffs' characterization of the agreement.  <u>See</u> ECF No. 119-2, Ex. G.

### 4. *Communications with Plaintiffs*

Subpoena Topic No. 9 and RFP No. 7 seek information concerning Venable and Meyer's communications with "ESG and/or Tim Burns."  Siegal Decl., Ex. B at 4, 10.  Given that Venable and Meyer have *only* spoken to Plaintiffs about the Facebook deal with Soumaya Securities (<u>i.e.</u>, the subject-matter of this action), it is

*impossible* to find these requests overbroad.  Again, Stratos denies impersonating "Ken Dennis" or fabricating connections with Carlos Slim during phone calls with Plaintiffs.  Therefore, Meyer's communications with Tim Burns are critical to proving Plaintiffs' claims that Stratos made material false statements to them.

### 5.    The Holding and Distribution of Plaintiffs' Stolen Funds

Subpoena Topics Nos. 10, 11, 12, 13, 14, 15 and 19 – and RFPs 9, 10, 11, 12, 14 and 15 – all request information concerning the receipt, holding and distribution of Plaintiffs' money.  Siegal Decl., Ex. B at 4, 5, 10.  As alleged in the FAC, Stratos used two law firm client trust accounts and four different banks to launder (and eventually spend) the $11.25 million Plaintiffs paid pursuant to the Facebook deal.  ECF No. 45.  Simply put, the movement and spending of Plaintiffs' money without their knowledge or consent form the grounds for Plaintiffs' conversion claim.[6]  Venable and Meyer's knowledge and documentation concerning Stratos' transfers and expenditures from these accounts may prove that Stratos misappropriated funds, as Plaintiffs allege.  Accordingly, these requests "bear [a] relationship to the claims presented in this case."  Miller, 141 F.R.D. at 297.

### 6.    Venable and Meyer's Discovery of Stratos' Fraud

Subpoena Topics Nos. 20, 21 and 22 – and RFPs Nos. 16, 17 and 18 – seek information about Venable and Meyer's actions upon discovering Stratos' fraud in December 2011.  Siegal Decl., Ex. B at 5, 6, 11.  Specifically, the requests concern Venable's decision to terminate Stratos as a client (RFP No. 18) and provide information to the U.S. government regarding Stratos (RFP No. 17), as well as the departure of two Venable partners who represented Stratos (Topic No. 22).

Plaintiffs acknowledge that these requests are somewhat more attenuated to their allegations than the others.  Nonetheless, they seek relevant information that

---

[6] While it may appear as though a disproportionate number of the Subpoena Topics and RFPs are devoted to this subject, this is due to the fact that Stratos used six different entities to launder Plaintiffs' stolen money – the entities are addressed individually in the Subpoenas.

completes the story of Stratos' relationship with the attorneys he used to perpetrate his fraud.  Moreover, Plaintiffs must assess whether to call Meyer and/or David Kettel as witnesses at trial – where they will be subject to Stratos' cross-examination – and are therefore entitled to discover facts that may affect their credibility, including whether disciplinary actions were taken against them for "unknowingly" assisting Stratos.  Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("Rule 26…permits the discovery of information which may simply relate to the credibility of a witness."); see also Pennington v. G.H. Herrmann Funeral Home, Inc., 09-cv-00390, 2010 WL 148242 (S.D. Ind. Jan. 8, 2010) ("credibility [is] an appropriate subject for discovery").

### 7.    *Procedural/Technical Requests*

Subpoena Topics Nos. 23 and 24 – and RFP No. 19 – do not seek *any* information beyond that already sought in the other requests.  Siegal Decl., Ex. B at 6, 11.  To the contrary, these technical requests were included as a "catch all" to ensure that all information germane to Plaintiffs' claims was captured, *not* to expand the scope of discovery beyond the other requests.  For example, RFP No. 19 merely seeks "documents concerning the subject matters referenced in any of the [Topics] in Schedule A."  Id.  Because, as demonstrated above, each "subject matter" in Schedule A is relevant, RFP No. 19 necessarily is as well.

In short, all of the Topics and RFPs contained in the Subpoenas "bear a relationship" to Plaintiffs' fraud and conversion claims against Stratos.  See Miller, 141 F.R.D. at 297.  Consequently, the Order clearly erred in determining that the Subpoenas were "grossly overbroad" and it should be reversed.

### B. Plaintiffs Offered to Narrow the Subpoenas Three Times

The Order's finding that Plaintiffs "repeatedly refused" to narrow their Subpoenas is flatly contradicted by the evidence.  Plaintiffs' counsel sent an email to Venable on February 25, 2014 (one week prior to Venable's motion), stating: "*I*

1  ***am happy to narrow the subpoenas in a compromise.***"  Siegal Decl., Ex. F.  In

2  fact, that email is one of *three separate instances* in which Plaintiffs expressed, in

3  writing, their willingness to narrow the subpoenas.  Id. at ¶¶ 15-16, 19.  Most

4  recently, Plaintiffs stated in the Joint Stipulation that "Plaintiffs remain willing to

5  work with Venable, Meyer and this Court ***to appropriately tailor discovery***."  ECF

6  No. 119 at 5.  The only reason this did not occur is because Venable and Meyer

7  admitted that they would move to quash the Subpoenas anyway.  Siegal Decl., Ex.

8  F ("narrowed subpoenas likely would not resolve all of our concerns...").[7]

9       The Order ignores Plaintiffs' repeated offers and does not cite *any* documents

10  or other evidence to support its finding.  See ECF No. 129.  Because the Order is

11  contradicted by the facts, this Court should reverse it and permit discovery.

12  **IV.   It Was Clear Error To Find That Plaintiffs' "Real Purpose" Was To Use**

13  **Discovery Against Venable and Meyer**

14       The Order erroneously accepted Venable's conjecture that "the real purpose

15  of the subpoenas is to gather materials that plaintiffs hope to use against Venable if

16  their pending appeal…is successful."  ECF No. 129.  As an initial matter, if the

17  Ninth Circuit reverses the dismissal, Plaintiffs will have every opportunity to

18  conduct discovery against Venable and Meyer on the remand – Plaintiffs thus have

19  no need to seek it now.  See SG Cowen Sec. Corp. v. U.S. Dist. Court for N.D.

20  Cal., 189 F.3d 909, 912-13 (9th Cir. 1999) (construing the PSLRA and holding that

21  "discovery should be permitted…after the court has sustained the legal sufficiency

22  of the complaint.").  In addition, attorney Jack Siegal, who co-authored the

23  Subpoenas and represents Plaintiffs in this case, provided a sworn declaration that

24  the purpose of Plaintiffs' Subpoenas was "obtaining evidence to support Plaintiffs'

25  claims ***against Stratos***."  ECF No. 119-5 at ¶ 30 (emphasis added).  This is the only

26

27

28

---

[7] Venable and Meyer refused to testify unless Plaintiffs dismissed the appeal or otherwise
released them from liability.  Siegal Decl., Ex. D.

direct evidence[8] of the Subpoenas' "real purpose."

Moreover, there is no dispute that Plaintiffs have pursued *all* available means to collect evidence against Stratos, including: (1) obtaining Court approval to serve subpoenas on banks where Stratos was known to have deposited Plaintiffs' funds; (2) serving requests for admissions, interrogatories and document requests upon Stratos; (3) requesting leave of court to depose Stratos; and (4) deposing third-parties Bank of America and Kenneth C. Dennis. As Plaintiffs explained, obtaining a judgment against Stratos "will assist Plaintiffs' aiding and abetting claims in their pending state-court action" and facilitate Plaintiffs' ability to claw back stolen funds from third-parties. ECF No. 119 at 27.

The Order, however, ignores Plaintiffs' efforts to prosecute claims against Stratos and their legitimate reasons for doing so. It should therefore be reversed.

## V.    The Crime-Fraud Exception Applies And Stratos Waived His Privilege

The Order held that Stratos did not waive the attorney-client privilege and that the crime-fraud exception does not apply. ECF No. 129.[9] This erroneous ruling of law is subject to *de novo* review. See Wolpin v. Philip Morris Inc., 189 F.R.D. 418, 422 (C.D. Cal. 1999) ("legal conclusions are freely reviewable *de novo* to determine whether they are contrary to law."). This Court should find that: (a) the crime-fraud exception applies here to render Stratos' communications with his counsel discoverable; and (b) Stratos waived the privilege by voluntarily disclosing the content of his communications with Venable and Meyer.

### A. The Crime-Fraud Exception Applies Because Stratos Hired his Attorneys to Defraud Plaintiffs

The communications Plaintiffs seek are subject to the crime-fraud exception

---

[8] Courts in this Circuit have held that "evidence may include attorney declarations." Santiago v. CACH LLC, 13-cv-02234, 2013 WL 5945805, at *5 (N.D. Cal. Nov. 4, 2013).

[9] Of course, this aspect of the Order does not apply to Plaintiffs' request for testimony and documents concerning Venable and Meyer's dealings *with third parties* regarding Stratos.

-11-

because the "attorney client privilege does not…protect communications that further a future crime or fraud."  Loustalet v. Refco, Inc., 154 F.R.D. 243, 245 (C.D. Cal. 1993); see also U.S. v. Zolin, 491 U.S. 554, 556 (1989) (privilege does not apply to "communications in furtherance of future illegal conduct").  Crime-fraud exists where "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme."  In re Grand Jury Proceedings, 87 F.3d 377, 381 (9th Cir. 1996).

To invoke the crime-fraud exception, Plaintiffs must make a *prima facie* showing that Stratos retained Venable and Meyer to further his "criminal or fraudulent activity."  Loustalet, 154 F.R.D. at 245.  Here, the parties ***agree*** that Stratos hired Venable and Meyer to carry out his fraud.  Compare ECF No. 45 with ECF No. 54 (Venable defends itself by saying that "Meyer is the speechwriter and Soumaya is the speaker.").  This Court, too, has accepted that Stratos used Meyer to "unwittingly facilitate[] the scheme."  See ECF No. 56 at 11.  Moreover, Stratos' indictment further confirms that he communicated with Meyer for the purpose of obtaining and misappropriating Plaintiffs' $11.25 million (i.e., "in furtherance of future illegal conduct").  Siegal Decl., Ex.A.  Venable and Meyer know this,[10] which is why they ***already produced thousands of pages of communications and attorney work-product to the U.S. government*** in connection with Stratos' criminal case.  Id. at ¶ 17.

### B. Stratos' Voluntary Disclosures Waived the Privilege

Although the Court need not reach this issue, it is equally clear that Stratos himself waived the attorney-client privilege by the following actions:

---

[10] In fact, Venable and Meyer claimed that Stratos used Meyer as a conduit to make false statements to Burns in April and July 2011.  See ECF No. 50 at 12 ("Meyer simply conveyed "Soumaya's understanding," what "Soumaya needed," and what "Soumaya requested that Meyer sent to ESG.").

-12-

- <u>Disclosing</u> to Plaintiffs emails and letters between himself and Venable discussing Soumaya's business and the distribution of Plaintiffs' money. ECF No. 119-5, Exs. B-D; and

- <u>Answering</u> Plaintiffs' Request for Admission No. 3, in which Stratos described his conversations with Meyer regarding the formation of Soumaya. ECF No. 119-2, Ex. G.

"[T]the voluntary disclosure of a privileged attorney-client communication to a third party waives the privilege." <u>In re Syncor Erisa Litig.</u>, 229 F.R.D. 636, 645 (C.D. Cal. 2005).  Through his disclosures, Stratos waived the attorney-client privilege with respect to the formation of Soumaya, the ways in which Stratos used Soumaya to hide his identity, and the receipt and distribution of Plaintiffs' funds. As a result, Venable and Meyer cannot invoke the privilege to avoid providing documents or testimony on these subjects.

## VI.   <u>Sanctions Are Inappropriate Here</u>

Finally, the Order wrongly imposed sanctions upon Plaintiffs based on the erroneous finding that "Plaintiffs' position was without substantial justification." ECF No. 129.  There are no findings of fact to support this conclusion.  <u>Id</u>. Accordingly, this Court must review Judge Hillman's "substantial justification" holding *de novo*.  <u>Rispoli v. King Cnty.</u>, 297 F. App'x 713, 715 (9th Cir. 2008) ("We review de novo the district court's imposition of discovery sanctions because the district court *failed to make factual findings as to harmlessness or substantial justification*.") (emphasis added).

As detailed above, Plaintiffs' position was substantially justified.  They are victims of a massive fraud and are entitled to broad discovery that may help prove their claims.  <u>See Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.</u>, 254 F.R.D. 568, 583 (N.D. Cal. 2008) ("Relevancy for discovery is flexible and has a broader meaning than admissibility at trial.") (quoting <u>Eggleston v. Chicago Journeymen</u>

Plumbers' Local Union No. 130, 657 F.2d 890, 903 (7th Cir.1981)); Soto, 162 F.R.D. at 610 ("discovery should be allowed unless the information sought has no conceivable bearing on the case.").

Venable and Meyer's knowledge and documents concerning Stratos go to the heart of this matter. As Stratos' counsel throughout the fraudulent scheme, Venable and Meyer can confirm Plaintiffs' allegations that Stratos fabricated his connections to Carlos Slim and spent Plaintiffs' $11.25 million deposit for Facebook shares. See ECF No. 45. And, as detailed above, they may also possess information concerning the artifices Stratos used to defraud Plaintiffs (i.e. "Soumaya" and "Ken Dennis"). Supra at 6-9. For these reasons, Plaintiffs were substantially justified in seeking discovery from Venable and Meyer. [11]

Further, while Fed. R. Civ. P. 37 authorizes courts to impose discovery sanctions, it also holds that parties subject to sanctions must receive "***notice and an opportunity to be heard.***" Fed. R. Civ. P. 37(a)(5)(A); cf. In re USA Commercial Mortgage Co., 462 F. App'x 677, 680 (9th Cir. 2011) (imposing sanctions *only after* giving party an "opportunity to present its arguments orally to the district court…"). Here, the Order awarded sanctions ***without a hearing***. ECF No. 128 (canceling scheduled hearing on Venable and Meyer's motions). As a result, Plaintiffs were denied an opportunity to be heard. The Order's sanctions award therefore violates Rule 37 and should be reversed.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court modify or reverse the Order and permit Plaintiffs to take discovery from percipient witnesses Venable and Meyer. Plaintiffs also respectfully request that this Court

---

[11] Indeed, the Court has already granted Plaintiffs' motion to compel Bank of America to provide discovery regarding the same subjects to assist Plaintiffs' prosecution of their claims against Stratos. ECF No. 112. In light of the Court's decision, Plaintiffs had no reason to believe the Subpoenas served upon Venable and Meyer could be viewed as "unjustified."

reverse the imposition of sanctions, which were made absent factual findings and without giving Plaintiffs an opportunity to be heard.


DATED:      April 16, 2013                    Respectfully submitted,

                                              By: /s/ Jack I. Siegal
                                              Jack I. Siegal, Esq.
                                              Bar No. 218088
                                              jsiegal@nbparis.com
                                              Michael Paris (*admitted pro hac vice*)
                                              mparis@nbparis.com
                                              William C. Nystrom (*admitted pro hac vice*)
                                              wnystrom@nbparis.com
                                              NYSTROM BECKMAN & PARIS LLP
                                              One Marina Park Drive, 15th Floor
                                              Boston, Massachusetts 02210
                                              Telephone:  (617) 778-9100
                                              Facsimile:  (617) 778-9110

                                              Eugene Ashley, Esq.
                                              Bar No. 171885
                                              Eashley@hopkinscarley.com
                                              Mary Elizabeth Cirone, Esq.
                                              Bar No. 257951
                                              Mcirone@hopkinscarley.com
                                              HOPKINS & CARLEY
                                              A Law Corporation
                                              3500 West Olive Avenue, Suite 300
                                              Burbank, CA 90505
                                              Telephone:  (818) 827-7136
                                              Facsimile:  (818) 973-2707

                                              *Counsel for Plaintiffs*

-15-

PLAINTIFFS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# PROOF OF SERVICE

I, Jennifer Morro, declare as follows:

I am employed in the County of Suffolk, State of Massachusetts, I am over the age of eighteen years and am not a party to this action; my business address is One Marina Park Drive, 15th Floor, Boston, MA 02210, in said County and State. On April 16, 2014, I served the following document(s):

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2.1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

By placing a true and correct copy thereof in an envelope addressed to each of the persons named below at the address shown, in the manner described below:

Troy Stratos
c/o Heather Williams, Esq.
Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814

☑    **BY UNITED STATES MAIL**:  I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2014, at Boston, Massachusetts.

s/ Jennifer Morro
_____