O

# United States District Court
# Central District of California

| | |
|---|---|
| ESG CAPITAL PARTNERS LP et al., | Case No. 2:13-cv-01639-ODW(SHx) |
| Plaintiffs, | |
| v. | **ORDER DENYING EX PARTE APPLICATION FOR ORDER EXTENDING DEADLINES FOR DISCOVERY AND SUMMARY-JUDGMENT MOTIONS [149]** |
| TROY STRATOS et al., | |
| Defendants. | |

To justify ex parte relief, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Despite Plaintiff ESG Capital Partners LP and its limited partners repeatedly asserting that they had "no opportunity to conduct discovery from [Defendant Troy] Stratos prior to the discovery cut-off," the Court fails to draw the same conclusion and accordingly **DENIES** ESG's Ex Parte Application for Order Extending Deadlines for Discovery and Summary-Judgment Motions.

To justify ex parte relief, the moving party must demonstrate that it (1) will be irreparably harmed if ex parte relief is not granted and (2) was without fault in

creating the crisis requiring ex parte relief. *Mission Power Eng'g*, 883 F. Supp. at 492. This Court makes clear to all parties appearing before it that ex parte practice is discouraged. (*See* Scheduling and Case Management Order, ECF No. 94.)

When a district court sets a deadline, a party must present "good cause" for modifying the schedule. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has held that this standard "primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).

ESG argues that it has "been denied any opportunity to obtain discovery from Stratos or certain percipient witnesses to his tortious conduct" prior to the April 28, 2014 discovery cutoff. (Ex Parte Appl. 1.) They point out that though they filed this action on March 7, 2013, they were not able to begin discovery until November 2013—apparently when the Court denied ESG's Motion to Amend or Alter Judgment relating to previous defendants Venable LLP and David Meyer—due to the Private Securities Litigation Reform Act ("PSLRA") mandatory discovery stay. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . .").

ESG contends that no one has yet responded to its discovery requests. On January 10, 2014, ESG served Stratos with Requests for Admission, but Magistrate Judge Hillman apparently granted Stratos's motion for an extension of "indefinite length" to respond to ESG's interrogatories. (*See* Ex Parte Appl. I; ECF No. 137.)

On February 21, 2014, ESG moved for leave to depose Stratos while he is incarcerated. (ECF No. 113.) After Stratos indicated that he was going to move to stay this action pending the outcome of his related criminal case, Judge Hillman deferred ruling on ESG's Motion until after this Court determines the propriety of the stay. (ECF No. 122.) On April 10, 2014, Stratos filed his Motion to Stay, and this Court permitted him until May 12, 2014, to reply to ESG's opposition.

At the end of January 2014, ESG also served subpoenas on now-nonparties Venable and Meyer. Both parties moved to quash those subpoenas and for a protective order. The Magistrate Judge subsequently quashed the subpoenas on April 2, 2014. (ECF No. 128.) On April 16, 2014, ESG moved this Court to overturn that ruling under Federal Rule of Civil Procedure 72. (ECF No. 135.) That Motion is currently pending.

The Court is unable to conclude that ESG is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g*, 883 F. Supp. at 492. First, it is unclear why ESG picks November 2013 as the date that the PSLRA discovery stay was lifted. The stay only lasts during the pendency of a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). This Court issued its last Order Granting Motion to Dismiss on August 15, 2013—three months before the time ESG perceives the stay was lifted. What's more, Stratos—the only other Defendant in this action—answered the First Amended Complaint on August 26, 2013 without ever moving to dismiss. ESG's assertion that discovery was stayed until some unknown point in November 2013 simply lacks merit.

Neither has Judge Hillman or this Court "denied [ESG] any opportunity to obtain discovery from Stratos or certain percipient witnesses to his tortious conduct." (*See* Ex Parte Appl. 1.) ESG admits that it did not serve its first round of discovery on Stratos until January 10, 2014—137 days after Stratos answered. Judge Hillman also did not grant Stratos an extension of "indefinite length" to respond to ESG's interrogatories. Rather, Judge Hillman simply granted Stratos's request to hold off on answering the interrogatories until after the Court dealt with his Motion to Stay. (ECF No. 137; *see* ECF No. 134.)

ESG also finds little support in Judge Hillman deferring ruling on leave to depose Stratos while incarcerated until after this Court rules on the stay motion. ESG knew since October 16, 2013, that the Court set the discovery cutoff for April 28,

1 | 2014.  (*See* ECF No. 94.)  Nothing prevented ESG from moving for leave to depose
2 | the only remaining defendant in this litigation at any time before February 21, 2014—
3 | 128 days after the Court issued the Scheduling and Case-Management Order.  While
4 | the motion for leave to depose is now moot, it was ESG—not Judge Hillman—that
5 | controlled when that motion was filed.
6 |       The Court understands that ESG will now have to proceed without ever
7 | deposing Stratos or being able to file a summary-judgment motion.  But ESG cuts
8 | from whole cloth its argument that it "took *every* possible step to conduct timely
9 | discovery from Stratos, Venable and Meyer in compliance with this Court's Case
10 | Management Order."  (Ex Parte Appl. 5 (emphasis in original).)  The truth is that from
11 | August 15, 2013, to January 10, 2014—a period of nearly five months—ESG did not
12 | serve a single piece of discovery on the only remaining defendant (Stratos) or the
13 | "percipient witnesses to his tortious conduct" (Venable and Meyer).  Now to say
14 | through this Ex Parte Application that they had no control over the discovery-timing
15 | issues that arose misstates reality.  The Court therefore **DENIES** ESG's Ex Parte
16 | Application. (ECF No. 149.)
17 |       **IT IS SO ORDERED.**

19 | May 8, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**