O

# United States District Court
# Central District of California

| | |
|---|---|
| ESG CAPITAL PARTNERS LP et al., <br><br> Plaintiffs, <br><br> v. <br><br> TROY STRATOS et al., <br><br> Defendants. | Case No. 2:13-cv-01639-ODW(SHx) <br><br> **ORDER DENYING DEFENDANT TROY STRATOS'S MOTION TO STAY PROCEEDINGS PENDING CRIMINAL CASE RESOLUTION [131]** |

## I.   INTRODUCTION

The United States Government alleges that Defendant Troy Stratos engaged in two separate schemes to defraud investors interested in purchasing pre-IPO Facebook shares.  The first scheme, which the Government alleges took place between 2006 and 2007, involved Nicole Murphy.  (*Id*.)  The second scheme, which the Government alleges took place between 2010 and 2012, involved Plaintiff ESG Capital Partners LP and its limited partners (collectively, "ESG").  (*Id*.)  On May 23, 2013, the Government filed a superseding indictment against Stratos, adding various fraud counts based on the ESG scheme.  (*Id*.)

In March 2013, ESG filed this action against Stratos based in part on the same set of facts the Government alleges in the superseding indictment.  After answering

the Complaint in August 2013, Stratos filed this Motion to Stay Proceedings Pending Criminal Case Resolution on April 7, 2014. Stratos argues that a stay is warranted because forcing him to engage in discovery with ESG with jeopardize his Fifth Amendment privilege against self-incrimination. (Mot. 1–2.) But since Stratos has already participated in the litigation for over eight months, and since a stay will severely prejudice ESG, the Court **DENIES** Stratos's Motion to Stay. (ECF No. 131.)

## II. FACTUAL BACKGROUND

On May 23, 2013 the Government filed a 20-count indictment against Stratos. (Mot. Ex. A, Seigal Decl. ¶ 2.) The Government alleges that Stratos participated in a scheme between 2010 and 2012 to defraud potential Facebook investors. (*Id.*)

Stratos, a California resident, operated a company called Next Level Media. (*Id.*) Timothy Burns owns and operates a company that manages financial affairs for wealthy clients. (*Id.*) Burns formed ESG with some of his clients for the purpose of purchasing a large block of pre-IPO Facebook shares. (*Id.*)

In the Superseding Indictment, the Government maintains that Stratos told Burns[1] that he represented Mexican billionaire Carlos Slim who was purchasing a large block of pre-IPO Facebook shares through an entity called Soumaya Securities. (*Id.*) Stratos told Burns that for a fee of $0.56 per share, he could arrange to get Burns forty million shares of Facebook stock at a significant discount. (*Id.*) At the request of Stratos and with instructions from former defendant Venable LLP—Stratos's law firm—Burns made three wire transfers on behalf of ESG totaling $11,250,000. The Government maintains that instead of using the money to purchase Facebook shares, Stratos used the money to pay his personal expenses either directly or through Venable. (*Id.*)

In January 2012, Stratos testified at a criminal detention hearing. (Siegel Decl. Ex. B.) Stratos spoke extensively about the facts surrounding the ESG deal without

---

[1] The criminal documents actually only reference initials instead of full names. But since all parties to this civil action are readily familiar with the key players, there is no mystery as to who the initials represent.

2

invoking his Fifth Amendment privilege. (*Id*.) Some noted topics included the creation, operation, and employees of Soumaya Securities; his admission that Soumaya had received $11,250,000; his role in the Facebook transaction and his admission that he was an "integral part" of the transaction; and his admission that if the Facebook deal he set up fell through, he would owe the money back to ESG. (*Id*.)

In March 2013, ESG filed this action against Stratos, as well as the lawyer and the law firm he used to facilitate the ESG transfers to Soumaya Securities. (Siegal Decl. ¶ 4.) ESG alleges several claims for alleged violations of federal-securities laws and common-law fraud.

The United States District Court for the Eastern District of California recently set trial for the non-ESG counts in Stratos's Indictment for November 4, 2014. But the Court has not yet set a trial date for those counts involving the alleged scheme to defraud Burns and ESG. (*Id*. at ¶¶ 10–11.) This action is set for trial in July 2014.

On April 10, 2013, Stratos moved to stay this action pending resolution of his criminal case. (ECF No. 131.) ESG timely opposed. (ECF No. 139.) Though Stratos's reply brief was not docketed until after the deadline the Court set, the Federal Public Defender for the Eastern District of California sent the Reply in time. The Court therefore finds that it is timely.

Stratos's Motion is now before the Court for decision.

### III. LEGAL STANDARD

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of related criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995.) It is constitutionally permissible for a defendant to have to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. *Id*. While a stay is an "extraordinary remedy that should be granted only when justice so requires," *Chao v. Fleming*, 489 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007), a court may decide in its discretion to stay civil proceedings when the interests

///

of justice require it. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989).

In deciding whether to stay civil proceedings in light of parallel criminal proceedings, courts consider the following six factors: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the plaintiff's interests in proceeding expeditiously and potential prejudice resulting from a delay; (3) judicial efficiency; (4) the interests of nonparties; and (5) the public's interests in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324–25.

## IV. DISCUSSION

The Court finds that continuing this litigation would not so jeopardize Stratos's Fifth Amendment privilege against self-incrimination as to require the Court to stay this action pending resolution of the related criminal case.

**A. The *Keating* factors**

After considering the *Keating* factors expounded by the Ninth Circuit, the Court finds that only the first factor weighs in favor of a stay while all of the others are either neutral or favor denying the stay.

*1. Extent to which Stratos's Fifth Amendment rights are implicated*

While the extent to which a defendant's Fifth Amendment rights are implicated is a significant factor, it is only one consideration to be weighed against the other five factors. *Keating*, 45 F.3d at 326. Courts have recognized that there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases. *See Molinaro*, 889 F.2d at 903; *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F. 2d 1368, 1375–76 (D.C. Cir 1980); *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007); *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010). But a stay is not warranted where a defendant's Fifth Amendment rights can be protected "through less drastic means, such as asserting the privilege on a

/ / /

question-by-question basis . . . ." *Doe v. City of San Diego*, No. 12-cv-689-MMA-DHB, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012).

While a defendant in a criminal case may constitutionally assert her Fifth Amendment rights with no adverse consequence, a trier of fact in a civil case may draw an adverse inference from invocation of the Fifth Amendment. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). But the Ninth Circuit has recognized that this consequence alone does not compel a stay pending the outcome of a related criminal case. *Keating*, 45 F.3d at 326.

Stratos's Fifth Amendment rights are certainly implicated in this civil action. The Grand Jury has returned an indictment against Stratos, which indicates that the Government intends to prosecute him for his alleged actions relating to the ESG scheme. Both cases are based on the same set of facts, and the civil action will likely proceed before the criminal case. If he asserts his Fifth Amendment right in this case, an adverse inference can be drawn against him. And if he cooperates with discovery in the civil case or gives incriminating testimony, it can be used against him in the criminal trial.

But two factors counsel against a stay based on this self-incrimination concern. First, the Ninth Circuit has already held that the potential for an adverse inference in a civil proceeding is not enough by itself to stay a civil action. *Id.* Second, Stratos was eager to testify at the detention hearing concerning the facts surrounding the ESG scheme. The Court expresses no view on whether Stratos waived his Fifth Amendment privilege with respect to his testimony. But he can't have it both ways, using the Fifth Amendment only when it is convenient for him and his interests.

2. *Potential prejudice to ESG*

Courts have recognized that a civil plaintiff has an interest in having her case resolved quickly. *See S.E.C. v. Loomis*, No. 2:10-cv-00458-KJM-KJN, 2013 WL 4543939, at *2 (E.D. Cal. Aug. 27, 2013.) Courts have also recognized that there may be prejudice to a plaintiff where a stay of discovery might result in her inability to

Case 2:13-cv-01639-ODW-AGR Document 154 Filed 05/16/14 Page 6 of 7 Page ID #:2568

locate other potential defendants. *See Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP(VBKx), 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014.).

The prejudice to ESG that would likely result from a stay weighs heavily against granting one. Given Stratos's close involvement with Soumaya Securities and the Facebook deal, he may have information about additional culpable parties relevant to this action. And because the Court hearing Stratos's criminal case has not yet set a date on the ESG-related claims, there is a real possibility that a stay of the civil case would result in ESG learning about additional defendants after the running of a pertinent statute of limitations. Further, it would be highly prejudicial to ESG to force it to wait until the unknown culmination of a criminal case when it has already waited nearly two years.

3. *Burden on Stratos*

Courts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other "compelling factors as described in *Keating*." *See Gen. Elec. Co.*, 2014 WL 1089264, at *5. The Ninth Circuit has found that where a defendant has had adequate time to prepare for a related civil trial, the burden on the defendant is substantially diminished. *See Keating*, 45 F.3d at 325.

Stratos argues that he will be burdened by having to travel to the Central District of California to defend the civil case when there are pending criminal charges in the Eastern District of California. The civil case was filed in March 2013, and the trial date is set for July 2014. By the time the civil trial commences, Stratos will have had almost a year to prepare for it. The criminal case, on counts unrelated to the Facebook scheme, will start in November 2014. Stratos's burden in having to defend himself in this action months in advance of his criminal trial accordingly does not tip the scales in his favor.

/ / /

/ / /

6

4. *Judicial efficiency*

Courts have recognized that this *Keating* factor normally does not favor granting a stay, because "the court has an interest in clearing its docket." *Molinaro*, 889 F.2d at 903. Staying a civil case until the resolution of a criminal case is inconvenient for the court, especially where—like in Stratos's situation—there is no date set for the criminal trial. This factor consequently weighs against Stratos.

5. *Interests of non-parties*

This *Keating* factor is neutral. Neither Stratos nor ESG have identified any third-party interests that bear upon resolution of this Motion.

6. *Public's interest*

This *Keating* factor likewise does not support granting a stay. Courts have recognized that there is a valid public interest in civil litigation where the action "promotes public confidence in the securities market." *See Sec. & Exch. Comm'n v. Alexander*, 2010 WL 5388000, at *6. That is exactly what ESG is attempting to do.

After considering all the *Keating* factors, the Court concludes that the particular circumstances of this civil action do not warrant a stay pending resolution of Stratos's criminal case.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Stay Proceedings Pending Criminal Case Resolution. (ECF No. 131.)

**IT IS SO ORDERED.**

May 16, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**